[Cite as *State v. Loftis*, 2023-Ohio-1687.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-13 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-00240 |
| | : | |
| LYNDON B. LOFTIS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 19, 2023

. . . . . . . . . . .

R. KELLY ORMSBY, III and DEBORAH S. QUIGLEY, Attorneys for Appellee

ALEXANDER S. PENDL, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Lyndon B. Loftis appeals from his conviction, upon a guilty plea, for sexual battery. Loftis contends the trial court's imposition of a 36-month sentence was religiously motivated and thus violated his constitutional rights. For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} In August 2022, Loftis was charged by bill of information with one count of sexual battery in violation of R.C. 2907.03(A)(5) (adoptive parent). He later entered a plea of guilty to the charge. The adopted child was over the age of 18 when the sexual conduct occurred.

{¶ 3} At issue in this appeal are the following statements made by the trial court during the sentencing hearing:

> When people come in, not just you, I often don't understand or get it, but I often consider just as jurisprudence that the diminished influence or role of organized churches and faith or religion in the world, that whole diminishing concept isn't boding well for the community. No surprise maybe if you read Revelation, if you do Biblical prophecy, you are all going to end up in a big dumpster fire at some point in time, so the trend is exactly what we are seeing.

> That doesn't mean the church has to have a diminishing influence, it just means religious and social norms and acceptable conduct is diminishing, which takes it to people doing whatever they want to do whenever they want to do it without regard to others, which is probably how you got here today.

> Now, I don't endorse [defense counsel's] statement that there was consent because a person is over the age of 18 because consent is a lot of different things. I just want to go on record his word might have been what

he had to say, but not what I have to believe.

Under the statute, sexual battery, there can be no consent. As the father of a daughter, it doesn't matter whose idea it was once anybody and everybody is over the age of 18. Clearly by law, the conduct is wrong. What I don't understand is why you don't get that because there is [sic] a thousand different reasons and none of them make any sense. Wrong is wrong. It's just wrong.

Should you have heard that in church on Sunday? I don't know. Should you have known that innately as a father? I don't know. But it seems to most people that that ought to be something you would know, that we don't prey as parents on children.

The statutes, the law, every social moray[,] every religious system at least in terms of the New Testament years have said there is a duty to protect children. Some societies sacrifice children, but that's thousands of years ago. It's the other way around. Is that lost? Yeah, totally it's lost. That doesn't mean the expectation is not there.

When you have lost that moral compass, you set yourself on a course to be here. So no consent, it's predatory conduct, you have a duty to protect. In the absence of organized social morays, the influence of the church, common understanding, it then falls on the Court to draw the line to set the standard.

Tr. p. 14-16.

**{¶ 4}** The trial court then proceeded to sentence Loftis to a prison term of 36 months and informed him he would be subject to post-release control for a period of five years. Loftis was also designated a Tier III sexual offender.

**{¶ 5}** Loftis appeals.

## II. Due Process in Sentencing

**{¶ 6}** Loftis asserts the following as his first assignment of error:

THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS BY IMPROPERLY CONSIDERING RELIGION AS A FACTOR IN SENTENCING APPELLANT.

**{¶ 7}** Loftis claims the trial court violated his right to due process because the sentencing decision was improperly based upon the judge's religious beliefs.

**{¶ 8}** In *State v. Arnett*, 88 Ohio St.3d 208, 217, 724 N.E.2d 793 (2000), the Supreme Court of Ohio addressed a similar issue and set forth the standard for determining whether a trial court's use of biblical references during the sentencing hearing violates a criminal offender's right to due process. The Court stated, "[w]e agree with the court of appeals that consideration of religious beliefs or religious texts by a sentencing judge may violate an offender's due process rights when such considerations constitute the basis for the sentencing decision and thereby undermine the fundamental fairness of the proceeding." However, the Court went on to hold that "when a sentencing judge acknowledges that he or she has consulted a religious text during his or her deliberations and quotes a portion of that text on the record in the sentencing proceeding, such conduct

is not per se impermissible and does not violate the offender's right to due process, when the judge adheres to the sentencing procedures outlined in the Revised Code and when the judge's religious references do not impair the fundamental fairness of the sentencing proceeding." *Id.* at 222. In stressing the limits of its holding, the Court emphasized that "a sentencing judge's religious comments may violate an offender's due process rights when they reveal an 'explicit intrusion of personal religious principles as the basis of a sentencing decision.' " *Id.*, quoting *United States v. Bakker*, 925 F.2d 728, 741 (C.A.4, 1991). The court in that case ultimately upheld the sentence, concluding that the trial judge's reference to the Biblical text was not the basis of the sentencing decision and that the trial judge adhered to the applicable statutory sentencing provisions. Based upon these conclusions, the court ruled that the reference to the Biblical text did not violate Arnett's due process rights because the reference did not affect the fundamental fairness of the sentencing procedure. *Id.*

{¶ 9} Likewise, in this case, despite the court's religiously-themed statements, we conclude that Loftis has failed to demonstrate that he was denied due process of law. A review of the sentencing hearing transcript reveals that the trial court's statements regarding the "diminished influence or role of organized churches and faith or religion in the world" were made in response to the fact that Loftis had indicated his family was a strong support system "trying to help me to keep my mental capacity straight, make sure I stay on the straight and narrow." Tr. p. 10. The statements were also made in response to defense counsel's attempt to downplay the seriousness of Loftis's conduct by arguing that the sexual conduct had been consensual. Additionally, the trial judge's

comments did not suggest that he was referencing his own religious beliefs as a guideline for his sentencing decision. Instead, his comments were limited to espousing his belief that the lack of a religious foundation leads to improper behavior.

{¶ 10} More importantly, we conclude that the trial court complied with the applicable provisions of R.C. Chapter 2929. The record affirmatively demonstrates that the trial court relied upon the proper statutory factors, including the principles and purposes of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors contained in R.C. 2929.12. Further, the 36-month sentence was in the mid-range of the possible 12- to 60-month sentences allowed by R.C. 2929.14(3)(a). The court also differentiated between Loftis's sentence and a maximum sentence it had previously imposed upon a defendant who also had been convicted of a violation of R.C. 2907.05(A)(5). And the court specifically noted that it was constrained from imposing the maximum sentence because Loftis was a first-time offender with a low likelihood of recidivism.

{¶ 11} The record does not support the conclusion that the trial judge's religious beliefs were the basis for the sentencing decision. Instead, the record supports the conclusion that the sentence was based on the R.C. 2929.11 principles and purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors. Thus, the comments at issue did not affect the fundamental fairness of the proceedings. As such, the first assignment of error is overruled.

### III.    Establishment Clause

{¶ 12} The second assignment of error states:

THE TRIAL COURT VIOLATED THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT BY TAKING ON THE ROLE OF AN ENFORCER OF RELIGIOUS VALUES.

**{¶ 13}** Loftis asserts that the trial court's religious references constituted State endorsement of religion, which is prohibited by the Establishment Clause of the First Amendment to the United States Constitution. Thus, he suggests the claimed Establishment Clause violation should result in the reversal of his sentence.

**{¶ 14}** The Establishment Clause of the First Amendment to the United States Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof * * *." This clause "prohibits the government's aiding one religion, preferring one religion over another, or aiding all religions." *Smith v. Null*, 143 Ohio App.3d 264, 267, 757 N.E.2d 1200 (4th Dist.2001).

**{¶ 15}** Loftis does not cite, and we cannot find, any authority to support his assertion that the trial court's comments during the sentencing hearing violated the Establishment Clause. More importantly, irrespective of whether the trial court endorsed a religious viewpoint, this viewpoint, as discussed, did not affect its sentencing decision.

**{¶ 16}** The second assignment of error is overruled.

## IV. Conclusion

**{¶ 17}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.